**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4697
_____

JUDY C. HARRIS,

Appellant

v.

DOW CHEMICAL COMPANY,
Successor in Interest of Rohm and Haas Company

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-12-cv-03713)
District Judge:  Honorable Jeffrey L. Schmehl

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2014

Before:  SMITH, SHWARTZ and ROTH, Circuit Judges

(Opinion filed:  September 29, 2014)
_____

O P I N I O N
_____

**ROTH**, Circuit Judge:

Judy C. Harris was unsuccessful in her application for a job at Dow Chemical

Company.  She claims that Dow engaged in race and age discrimination, as well as

unlawful retaliation, in not hiring her.  She appeals the District Court's November 13,

2013, order granting summary judgment in favor of Dow.  For the following reasons, we will affirm the District Court's decision.

## I.    Background

On March 3, 2011, Harris, who once worked for Rohm and Haas Company, which Dow acquired in 2009, applied online to serve as a Human Resources Generalist at Dow's Bristol, Pennsylvania, complex.  Harris's employment application consisted of a cover letter, application form, résumé, and prescreening questionnaire.  After receiving her submission, a Dow recruiter phoned Harris to confirm her availability for an interview and for employment in the event of her hire.

Harris did not indicate her race or age in any of the application materials or in the course of her phone conversation with the recruiter.  Nor did she disclose her 2001 lawsuit in which she alleged that Rohm and Haas Company had engaged in race and age discrimination in not promoting her.  While the Dow job posting characterized the Generalist position as "focused on managing [Dow's] collective bargaining agreement" and expressed a preference for candidates with expertise in labor relations, Harris made no mention of collective bargaining or labor relations in her application cover letter.

After speaking with Harris about availability, the Dow recruiter forwarded her application to Angelia Wilson, Dow's HR Leader for Small Sites, including Bristol.  The recruiter had no further communication with Wilson concerning Harris's application.  Wilson, who never worked for Rohm and Haas Company and did not speak with any current or former Rohm and Haas Company employees in connection with Harris's application, decided against offering Harris an interview.  Wilson did not believe Harris's

2

résumé demonstrated a sufficient background in union and labor relations to warrant consideration. She also found disquieting Harris's representation on her résumé that she had worked for Dow prior to its acquisition of Rohm and Haas Company, a verifiable untruth.

Wilson interviewed six applicants, a Latina and five white men, for the Generalist position. All of the interviewees demonstrated extensive labor relations experience. Ultimately, Wilson selected Michael Sirockman, a white male, because of his strong background in union and labor relations, which included his management of a 60-employee bargaining unit and prior experience negotiating with the United Steelworkers Union, whose ranks include Dow's Bristol-based employees.

On June 29, 2012, Harris filed a four-count complaint against Dow, alleging she was not hired because of her race and age and in retaliation for her prior employment discrimination suit against Dow's predecessor in interest, Rohm and Haas Company. [1] Harris maintained that, in not hiring her, Dow violated (1) the Civil Rights Act of 1866, 42 U.S.C. § 1981; (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (3) the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 921 *et seq.*; and (4) the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 *et seq.* (2014). On November 13, 2013, after an extended discovery period, the District Court granted Dow's summary judgment motion on all claims since Harris did not establish that Wilson, the

---

[1] Before filing suit, Harris timely filed charges of race and age discrimination and unlawful retaliation with the U.S. Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission. Harris properly commenced the District Court action within ninety days of receiving a Notice of Right to Sue from the EEOC.

sole decision-maker, was aware of Harris's race, age, or past participation in employment-related litigation at the time of Wilson's hiring decision.

## II.    Analysis[2]

### A.    Summary Judgment on Harris's Race and Age Discrimination Claims

We maintain plenary review of a summary judgment grant or denial, "and we apply the same test the district court should have utilized initially." *Barkes v. First Corr. Med., Inc.*, --- F.3d ----, 2014 WL 4401051, at *6 (3d Cir. Sept. 5, 2014) (quoting *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009)). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

To survive summary judgment on her race and age discrimination claims, Harris had to present more than a mere scintilla of evidence that her claims bore legal merit. Since, as Harris conceded, she could point to no direct evidence of discrimination, Dow could be held liable only under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). Thus, Harris needed to first establish a "prima facie case" of disparate treatment by showing that (1) she belongs to a protected class, (2) she was qualified to serve as a Human Resources Generalist at Dow,

---

[2] The District Court had subject matter jurisdiction over Harris's federal claims under 28 U.S.C. § 1331 and had supplemental jurisdiction over Harris's state-law claim under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291.

(3) she was subject to an adverse employment action despite being qualified, and (4) "under circumstances that raise an inference of discriminatory action," Dow continued to seek out individuals with qualifications similar to Harris's to fill the position. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

Harris foundered from the outset. Failing to dispute, let alone disprove, Wilson's testimony that she was unaware of Harris's race or age when she declined to interview her,[3] Harris effectively conceded she could not satisfy a prerequisite to her prima facie case, that the circumstances under which Dow did not hire her "raise an inference of discriminatory action." As we have held, an adverse employment action does not in isolation raise such an inference; rather, the inference may be raised only if the relevant decision-maker has knowledge of the plaintiff's status as a protected class member. *See Sarullo*, 352 F.3d at 799; *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996). Harris failed to offer *any* evidence to rebut Wilson's testimony that she was entirely unaware of Harris's race and age when she declined to offer her an interview.

In light of Harris's failure to present evidence establishing an indispensable element of her prima facie case for race and age discrimination, the District Court did not err in granting Dow's motion for summary judgment on these claims.

### B.      Waiver of Retaliation Claim

"An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this

_____

[3] In fact, Harris admitted she did not know whether Wilson knew her race or age when she declined to hire her. J.A. at 48.

5

court.'" *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (quoting *Simmons v. City of Phila.*, 947 F.2d 1042, 1066 (3d Cir. 1991) (plurality opinion)); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

Here, Harris challenges the District Court's summary judgment grant on her unlawful retaliation claim. Yet the only "retaliation" references included in Harris's opening brief simply restate the District Court's summary judgment opinion or, alternatively, are wholly conclusory and unsupported by citation to fact, law, or logic.[4] Because Harris did not brief the issue of whether summary judgment was properly granted on her retaliation claim, we will treat the argument as abandoned and waived in accordance with our precedents.

### III. Conclusion

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of Dow.

---

[4] For instance, in her brief's "Summary of Argument" section, Harris states: "The district court's conclusion that the hiring manager could not have discriminated *or retaliated* against Harris and allegedly did not know Harris' race, age *or the fact of the prior lawsuit* is not supported by the evidence." Appellant's Br. at 9 (emphases added). But Harris fails to provide evidentiary or other grounding for her objections, and proceeds to discuss only her allegations of race and age discrimination. Notably, Harris's twelve-page "Argument" section makes no mention whatsoever of her retaliation claim.